**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ARTURO PRADO #1421957** | § | |
| | § | |
| **V.** | § | **A-15-CA-943-LY** |
| | § | |
| **CINDY HUGGINS, CLAY STEADMAN,** | § | |
| **MICHELLE L. HENRICKS, SHERYL** | § | |
| **JONES,  TYEES HOLCOMBE, LEE** | § | |
| **HAMILTON, CHARLES NOTEBOOM,** | § | |
| **ADAM PONCIO, PAULA FREDERICK,** | § | |
| **DONNA COLLINS, VELMA** | § | |
| **ARELLANO, JUDY HOBART, AMY** | § | |
| **CUMMINGS, JULIE HOPKINS,** | § | |
| **KRISTA SAEGER, ESTHER KELLY,** | § | |
| **RICHARD NEELY, JAN DAVIS,** | § | |
| **BARBARA MEYER, KEITH WILLIAMS,** | § | |
| **and STEPHEN ABLES** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff was convicted

on February 6, 2007, in the 216th Judicial District Court of Gillespie County of aggravated assault with a deadly weapon.  According to Plaintiff, Cindy Huggins, court reporter for his state criminal trial, delayed in preparing his trial transcript, interfering with his ability to pursue his direct appeal and an application for habeas corpus relief.[1]  Plaintiff initially contacted the court reporter in 2007 to obtain his transcript.  Plaintiff finally received the transcript on February 22, 2013.

On May 13, 2013, Plaintiff filed a complaint with the Texas Court Reporters Certification Board (the "Board").  In the administrative proceeding, Huggins was represented by attorney Clay Steadman.  As a result of Plaintiff's complaint, on November 7, 2013, Huggins was publicly reprimanded for violating Rule X(a)(8)(A) of the Code of Professional Conduct sections 4, 6, 7, and 9 and Section 52.047(a) of the Texas Government Code.  Although Huggins was publicly reprimanded, Plaintiff contends the Board condoned Huggins's behavior and violation of another's constitutional rights.

Plaintiff asserts his due process rights have been violated.  Plaintiff also asserts all of the defendants conspired together to defraud Plaintiff and his family and committed multiple criminal violations.  Plaintiff further asserts the defendants caused the "bystander plaintiffs" intentional infliction of mental and emotional distress, mental suffering, and emotional anguish.

Plaintiff sues Cindy Huggins (court reporter), Clay Steadman (attorney for court reporter), Michelle L. Henricks (Director of the Board), Sheryl Jones (Administrator of Licensing for the Board), Tyees Holcombe (Judicial Regulatory Assistant for the Board), Lee Hamilton (Chairperson of the Board), Charles Noteboom (Board Member), Adam Poncio (Board Member), Paula Frederick

---

[1]  Petitioner's federal application for habeas corpus relief was dismissed with prejudice as time-barred on December 17, 2008.  Prado v. Quarterman, No. A-08-CV-845-JN (W.D. Tex.).

(Board Member), Donna Collins (Board Member), Velma Arellano (Board Member), Judy Hobart

(Board Member), Amy Cummings (Board Member), Julie Hopkins (Board Member), Krista Saeger

(Board Member), Esther Kelly (Board Member), Richard Neely (Board Member), Jan Davis

(Gillespie County District Clerk), Barbara Meyer (Retired Gillespie County District Clerk), Keith

Williams (Retired Judge of the 216th Judicial District Court of Gillespie County), and Stephen Ables

(Judge of the 216th Judicial District Court of Gillespie County).   Plaintiff seeks a declaratory

judgment and monetary and punitive damages.

DISCUSSION AND ANALYSIS

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  However, the petitioner's pro se status

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets."

<u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>Eleventh Amendment Immunity</u>

Being sued in their official capacities for monetary damages, Defendants Henricks, Jones,

Holcombe, Hamilton, Noteboom, Poncio, Frederick, Collins, Arellano, Hobart, Cummings, Hopkins,

3

Saeger, Kelly, Neely, Williams and Ables are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

      C.    State Actor

Clay Steadman is not a state actor.  The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  Love v. King, 784 F.2d 708, 712 (5th Cir. 1986);  Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  See, Monroe v. Pape, 365 U.S. 167, 184 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  Dennis v. Sparks, 449 U.S. 24, 27 (1980).  To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.  See Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995).

Plaintiff's claims do not sufficiently allege a conspiracy on the part of Clay Steadman to violate his constitutional rights. Steadman merely represented Huggins before the Board in regards to Plaintiff's complaint against her. Plaintiff's claims against Defendant Steadman are frivolous.

    D.    <u>Judicial Immunity</u>

Judges Williams and Ables are entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. <u>Hale v. Harney</u>, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. <u>Mireless v. Waco</u>, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. <u>See</u> <u>Mitchell v. McBryde</u>, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. <u>Mireless</u>, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (quoting <u>Mireless</u>, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judges Williams and Ables that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction. Accordingly, Plaintiff's claims against Judges Williams and Ables are frivolous as they are protected by absolute immunity.

5

E.     Statute of Limitations

Plaintiff's claims against Defendants Huggins, Davis, Meyer, Williams, and Ables are barred by the applicable statute of limitations.  There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

Plaintiff's claims regarding Huggins's delay in preparing the transcript of his state criminal trial accrued no later than December 17, 2008, the date his federal application for habeas corpus relief was dismissed as time-barred.  Plaintiff did not file his federal civil rights complaint until October 21, 2015, long after the limitations period had expired.  Plaintiff's claims against Defendants Davis, Meyer, Williams, and Ables are not entirely clear.  The latest action any of these defendants could have taken would have been as witnesses on September 27, 2013, at the Court Reporters Certification Board meeting.  As mentioned above, Plaintiff filed his complaint on October 21, 2015, more than two years after the Court Reporters Certification Board meeting.  Accordingly, Plaintiff's claims against Defendants Huggins, Davis, Meyer, Williams, and Ables are time-barred and are frivolous.

F.     Claims Against the Board Employees

Plaintiff's claims against the remaining Defendants are likewise frivolous.  The remaining defendants are associated with Texas Court Reporters Certification Board.  Plaintiff essentially

disagrees with the Board's handling of complaints against Court Reporter Huggins.  However, none of the acts of the defendants as alleged by Plaintiff involved the violation of a constitutional right. Plaintiff has not stated any Due Process claim, despite his use of the term in his complaint.  Further, it does not appear any could be stated under the facts alleged.  Therefore, Plaintiff's claims are frivolous against Defendants Henricks, Jones, Holcombe, Hamilton, Noteboom, Poncio, Frederick, Collins, Arellano, Hobart, Cummings, Hopkins, Saeger, Kelly, and Neely.

        G.      Supplemental Jurisdiction

To the extent Plaintiff also asserts state law claims the Court should decline to exercise supplemental jurisdiction.  Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy.  However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  Because the dismissal of Plaintiff's federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

RECOMMENDATION

It is therefore recommended that Plaintiff's federal claims against Defendants Henricks, Jones, Holcombe, Hamilton, Noteboom, Poncio, Frederick, Collins, Arellano, Hobart, Cummings, Hopkins, Saeger, Kelly, Neely, Williams and Ables, in their official capacities for monetary damage, be dismissed without prejudice for want of jurisdiction.  It is further recommended that Plaintiff's remaining claims against the defendants be dismissed with prejudice as frivolous pursuant to 28

U.S.C. § 1915(e). It is finally recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a

claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is adopted or approved, it is  recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of General Counsel and the Pro Se Clerk for the U.S. District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of October, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE